# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

LAWRENCE MICHAEL LAY,                           3:15-cv-01089-PA

          Plaintiff,                            OPINION AND
                                                ORDER

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

          Defendant.

PANNER, Senior District Judge:

          Plaintiff Lawrence Lay ("Lay") seeks judicial review of the Commissioner of Social

Security's final decision denying his application for disability insurance benefits ("DIB") under

Title II of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C.

§ 405(g) and 1383(c)(3). I have considered all of the parties' briefs and all of the evidence in the

administrative record.  For the reasons set forth below, the Commissioner's final decision is REVERSED and REMANDED for the immediate payment of benefits.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 404.1520(a)(4).  At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. § 404.1520(a)(4)(i).  If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b).  Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. § 404.1520(a)(4)(ii).  An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 404.1520(c).  The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b); *see also Bowen*, 482

2 – OPINION AND ORDER

U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. § 404.1520(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. § 404.1545(a); *see also* SSR 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 404.1520(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 404.1520(a)(4)(iv), 404.1520(f). In the event the claimant

3 – OPINION AND ORDER

is no longer capable of performing his or her past relevant work, the evaluation will proceed to
the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the
claimant's age, education, and work experience to determine whether the claimant can perform
any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142;
*see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566. If the
Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs
existing in significant numbers in the national economy, the claimant is conclusively found not
to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v),
404.1520(g), 404.1560(c), 404.1566. A claimant will be found entitled to benefits if the
Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20
C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ
applied the proper legal standards and his findings are supported by substantial evidence in the
record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir.
2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance;
it is such relevant evidence as a reasonable person might accept as adequate to support a
conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc.
Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports
and the evidence that detracts from the Commissioner's conclusion." *Id*. at 1035. The Court
may not substitute its judgment for that of the Commissioner. *See id.*, *citing Robbins*, 466 F.3d

4 – OPINION AND ORDER

at 882; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in 1970, Lay was 40 years old on his alleged onset date. Tr. 168. [1] He has a high school education, completed some college, and completed aviation mechanic training and firefighting training. Tr. 46, 200, 392. Lay stopped working in 2008 when he was laid off from his job as a machinist. Tr. 46, 90, 200, 371. He has past work experience as an aviation jet mechanic, a sheet metal worker, and a machine operator. Tr. 189, 201, 219.

Lay filed for DIB on March 8, 2012, alleging disability due as of July 29, 2011 due to triple bypass surgery, hypertensive cardiovascular disease, high blood pressure, COPD, migraines, chronic pain, insulin dependent diabetes, lower back pain, degenerative disc disease of the spine, sleep apnea, and depression. Tr. 199. After his application was denied initially and on reconsideration, Lay appeared and testified before an ALJ on August 30, 2013. Tr. 37-72. On September 25, 2013, the ALJ issued a decision finding Lay not disabled. Tr. 18-31. The Appeals Council denied Lay's request for review on April 20, 2015, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4; *see* 20 C.F.R. § 422.210(a); *see also, e.g., Sims v. Apfel*, 530 U.S. 103, 107 (2000). This appeal followed.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 14.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Lay met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Tr. 20. At the second step, the ALJ found that Lay had the following severe impairments: obesity, depression, type II diabetes, coronary artery disease status post bypass surgery, migraine headaches, obstructive sleep apnea, and degenerative disc disease of the lumbar spine. *Id.* Because Lay's impairments were deemed severe, the ALJ properly proceeded to the third step of the analysis. *Id.*

At the third step, the ALJ found that none of Lay's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1. Tr. 21. The ALJ therefore conducted an assessment of Lay's RFC and found that Lay could perform light work with the following limitations: he can lift and/or carry up to ten pounds frequently and up to 20 pounds occasionally; he can stand or walk a total of four hours in an eight-hour workday and sit for at least six hour in an eight-hour workday with normal breaks; he can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolding; he can occasionally balance, stoop, kneel, crouch and crawl; he should have only occasional exposure to odors, dust, fumes, and other respiratory irritants; he should not perform work around hazards such as unprotected heights and dangerous machinery; he is able to remember, understand and carry out simple tasks and instructions typical of occupations with an SVP of one or two; he can sit for 45 minutes and then needs the opportunity to stand for five or ten minutes before he returns to sitting; he can stand for 45 minutes and then needs the opportunity to sit for five to ten minutes before he returns to standing, with the opportunity to alternate in this manner throughout an eight-hour workday, without needing to leave the workstation. Tr. 22.

6 – OPINION AND ORDER

At the fourth step of the five-step process, the ALJ found that Lay was not capable of performing any of his past relevant work. Tr. 30. At step five, the ALJ found the Lay could perform jobs that exist in significant numbers in the national economy, including assembler, inspector and checker, and hand packager. Tr. 30-31. The ALJ therefore concluded that Lay was not disabled. Tr. 31.

## ANALYSIS

Lay argues that the Commissioner erred because she (1) improperly evaluated the medical evidence (2) failed to find include his respiratory problems in the list of severe impairments at step two; (3) rejected his subjective symptom testimony; (4) rejected the lay witness testimony; and (5) failed to credit the VA rating.

## I.    Medical Evidence

Lay argues that the ALJ improperly evaluated the medical evidence. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of treating, examining, and non-examining physicians. The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

In contrast, if the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. Specific, legitimate reasons for rejecting

7 – OPINION AND ORDER

a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). It is legal error to ignore an examining physician's medical opinion without providing reasons for doing so, and an ALJ effectively rejects an opinion where he ignores it. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

### 1. Treating Physician Daniel Hansen, M.D.

Lay's treating physician Dr. Hansen rendered a written statement on February 2, 2012, diagnosing CAD, insomnia, migraines, tinnitus, diabetes II, asthma, COPD, dysthymic disorder, and low back pain. Tr. 1163. Dr. Hansen opined that Lay would experience symptoms as a result of these impairments that included headaches, learning disorder, sleep apnea, pain in legs, ringing in ears, irritability, depressed mood, occasional cough, wheeze, and shortness of breath; acid reflux and heart burn; and chronic low back pain. *Id.* He stated that, even when compliant with medication, Lay would experience almost daily migraine headaches for an average of one hour. Tr. 1163, 1167. Dr. Hansen opined that Lay could occasionally lift 10 pounds and frequently lift less than 10 pounds; that he needed to lie down to rest for two hours during an 8-hour day due to pain and fatigue; and that he was limited in pulling and pushing with his upper extremities. Tr. 1165-66.

The ALJ rejected Dr. Hansen's assessment of severe limitations and was therefore required to provide clear and convincing reasons for her decision. Tr. 26-27. She first noted that Dr. Hansen's opinion was belied by Lay's ability walk for up to one mile every day, exercise,

8 – OPINION AND ORDER

and perform other physical activities. Tr. 27. The ALJ may assign less weight to a physician's opinion that conflicts with a claimant's reported activities. *Morgan v. Comm'r*, 169 F.3d 595, 601-02 (9th Cir. 1999). Here, however, Lay's ability to walk is not inconsistent with a sedentary exertion level, which calls for an individual to be on their feet up to 2 hours per day. *See* SSR 83-10. Lay's ability to perform some physical activities was therefore not a clear and convincing reason for rejecting Dr. Hansen's opinion.

The ALJ also stated that Dr. Hansen's opinion was unsupported by the medical record. Tr. 27. An ALJ may reject an opinion that is brief, conclusory, or unsupported by clinical findings. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Here, the ALJ found that Dr. Hansen failed to support his conclusion that Lay could only lift ten pounds with objective findings. Tr. 27. On this record, the ALJ was entitled to reject Dr. Hansen's unsupported finding that Lay could lift only ten pounds because she provided a clear and convincing reason for doing so. The ALJ was not, however, entitled to reject the entire opinion of this treating physician based on a single unsupported finding. The ALJ's rejection of Dr. Hansen's opinion was not supported by substantial evidence and is therefore reversed.

### 2. Examining Physician Yasmin Ansari, M.D.

Dr. Ansari completed a Disability Benefits Questionnaire for the VA on July 24, 2012. Tr. 1383-1410. She diagnosed diabetes with renal manifestations; carpal tunnel syndrome in both hands; COPD; sleep apnea; coronary artery disease; and back pain due to L4-L5 left foraminal disc protrusion. Tr. 1383-84. She limited Lay to sedentary jobs due to disc protrusion and back pain, and opined that Lay suffers from migraine headaches over once per month that would cause him to be absent two times per month. Tr. 1395, 1397.

The ALJ accorded "significant weight" to Dr. Ansari's opinion, but rejected it to the extent that it conflicted with Lay's ability to walk over a mile a day. Tr. 27. Specifically, the ALJ found that Dr. Ansari's limitation to sedentary work was inconsistent with Lay's physical capabilities as evidenced in his daily activities. *Id.* While the ALJ may assign less weight to a physician's opinion that conflicts with a claimant's reported activities, *Morgan*, 169 F.3d at 601-02, Lay's physical abilities are not inconsistent with a sedentary exertion level, as noted above. *See* SSR 83-10. Lay's ability to perform some physical activities was therefore not a legally sufficient reason for rejecting Dr. Ansari's opinion.

### 3. Examining Physician Noah Roost, Ph.D.

Dr. Roost completed a Mental Disorders Disability Benefits Questionnaire for the VA on July 24, 2012. Tr. 1365-83. He opined that Lay suffers from depression and nicotine dependence, and assessed the following limitations: occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior. Tr. 1368. Dr. Roost also opined that Lay experiences depressed mood, chronic sleep impairment, mild memory loss, and marked somnolence. Tr. 1371-1372.

The ALJ rejected Dr. Roost's opinion. Tr. 28. The ALJ noted the Dr. Roost's opinion conflicted with Lay's testimony regarding his depression, which he stated was largely controlled with treatment. Tr. 28, 59. Inconsistency with other evidence in the record is a legally sufficient reason for rejecting a physician's opinion. *Tommasetti*, 533 F.3d at 1040. Here, however, testified that while mental health treatment helped him to control his anger, he continued to suffer from depression. Tr. 59. Lay's testimony is therefore not inconsistent with Dr. Roost's

10 – OPINION AND ORDER

findings, and the ALJ's reason for rejecting Dr. Roost's opinion was not supported by substantial evidence in the record.

### 4. Consultative Physician Megan D. Nicoloff, Psy.D.

Dr. Nicoloff provided a medical opinion on March 27, 2012 that limited Lay to 1-2 step tasks secondary to dysthymia. Tr. 95. The ALJ acknowledged this finding and assigned it "some weight" but did not provide any reason for rejecting it. The ALJ stated only that that "the record supports" her findings. Tr. 26. The ALJ adequately accounted for this finding by limiting Lay to simple tasks typical of occupations with a specific vocational preparation ("SVP") level of 1 or 2. Tr. 22. The ALJ was therefore not required to provide specific, legitimate reasons for rejecting Dr. Nicoloff's limitation to 1-2 step tasks.

In sum, the ALJ's evaluation of the medical opinions of Drs. Hansen, Ansari, and Roost was not supported by substantial evidence in the record and is reversed.

## II.    Step Two Findings

Lay next argues that the Commissioner erred because she omitted his respiratory problems from the list of severe impairments at step two and, as a result, formulated an inaccurate RFC. At step two of the sequential evaluation, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a). Step two findings must be based upon medical evidence. *Id.* An impairment is "not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities." *Id.* "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two." *Harrison v. Astrue*, 2011 WL 2619504, *7 (D. Or. July 1, 2011) (*citing Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)).

The ALJ resolved step two in Lay's favor. Tr. 20. The ALJ acknowledged Lay's asthma/allergic rhinitis/COPD, but noted that these alleged impairments cause only transient and mild symptoms and limitations, were well controlled with medication, or were otherwise unsupported by the record evidence. Tr. 20. As evidence of respiratory problems, Lay notes that he was diagnosed with asthma, allergic rhinitis, COPD, and sinusitis by two doctors. While diagnosis is a prerequisite to finding a severe impairment, *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005), the mere diagnosis of any particular impairment does not presumptively demonstrate any related limitation in a disability analysis. *See Foster v. Bowen,* 853 F.2d 438, 489 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition"). Here, the ALJ accounted for Lay's respiratory problems in the RFC by restricting his exposure to odors, dust, fumes, and other respiratory irritants. Tr. 22. Lay has not identified and additional specific limitations related to his respiratory problems that were omitted from the RFC as a result of the ALJ's step two findings. On this record, Lay has failed to show harmful error at step two. *Lewis*, 498 F.3d at 911.

### III.    Lay's Testimony

Lay next argues the ALJ erred in rejecting his testimony regarding the extent and severity of his symptoms. The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036. Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her

symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.*, quoting *Smolen*, 80 F.3d at 1281. The ALJ's overall credibility determination may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *Batson*, 359 F.3d at 1197.

Lay testified that he was unable to work due to migraines and back pain. Tr. 62. At the hearing, he stated that he suffered from sleep apnea and congestion that disrupted his sleep, resulting in fatigue and frequent need to nap. Tr. 46, 53-54, 59. He suffers from short-term memory loss and difficulty concentrating. Tr. 46, 51. Lay has difficulty completing household chores due to back pain caused by a protruding disc and pinched nerve. Tr. 51,-52, 62. Lay also testified that he has 2-3 migraine headaches per week, resulting in pain and loss of vision. Tr. 56-57.

The ALJ rejected Lay's testimony. First, the ALJ found that Lay's back pain and migraines were not as limiting as alleged because they were controlled with conservative treatment, and because Lay did not take any migraine specific medications. Tr. 29. Evidence of improvement or routine and conservative treatment is a clear and convincing reason to find a claimant not credible. *Tommasetti*, 533 F.3d at 1040. The ALJ also noted that while Lay complained of insomnia, he reported that his sleep problems responded well to medication. Tr. 29, 53-54, 1213. The ALJ therefore provided a clear and convincing reason for rejecting Lay's testimony.

Second, the ALJ found that Lay's testimony was inconsistent with the medical record. For example, Lay testified that he experiences significant chest pain at his bypass incision site, but told his treating physician in October, 2011 that his chest pain had resolved. Tr. 29, 58, 1131. This inconsistency provides some weight to the ALJ's credibility determination.

Third, the ALJ found that Lay was not compliant with treatment recommendations. Tr. 29. The ALJ may consider noncompliance with treatment while determining credibility. *Molina*, 674 F.3d at 1113-14. Here, Lay refused to use prescription steroid nasal spray rather than over-the-counter nasal spray despite repeated warnings about severe rebound symptoms. Tr. 361, 556, 1225. Further, he did not use his continuous positive airway pressure ("CPAP") machine on a regular basis, and failed to follow a diabetic diet or check his blood sugar on a regular basis. Tr. 577, 1037, 1438, 1498. While Lay presents an alternative interpretation of this evidence, the ALJ's inference that Lay's failure to comply with the recommendations of his treatment providers damages his credibility was reasonable, and should be affirmed. *Molina*, 674 F.3d at 1113-14; *Magallanes*, 881 F.2d at 750 (the court must uphold the ALJ's rational interpretation of the record).

In sum, the ALJ's credibility determination was supported by legally sufficient reasons. While Lay alleges further error in the ALJ's analysis, any error in her reasoning was harmless because her credibility determination was supported by at least one clear and convincing reason. *Molina*, 674 F.3d at 1115; *Batson*, 359 F.3d at 1197.

## IV.    Lay Witness Testimony

Lay also argues that the ALJ erroneously rejected the lay witness testimony of his wife, Nora Cortez-Lota. Ms. Cortez-Lota completed a third party function report dated October 2, 2011. Tr. 211-18. She stated that Lay experiences limited mobility due to pain; difficulty sleeping; weakness following bypass surgery; limitations performing household chores and self-care; and inability to participate in his past hobbies. *Id.*

The ALJ is required to provide germane reasons for rejecting the lay witness testimony. *Molina*, 674 F.3d at 1111-12. Here, the ALJ gave little weight to the lay evidence, finding that

14 – OPINION AND ORDER

Ms. Cortez-Lota's opinion was based on Lay's subjective reports, which the ALJ properly found to be not credible. Tr. 28. The ALJ may rely on the same reasons provided for discounting a claimant's credibility where the lay witness has given similar testimony. *Valentine*, 574 F.3d at 694. On this record, the ALJ provided a germane reason for rejecting Ms. Cortez-Lota's opinion. *Molina*, 674 F.3d at 1111-12.

## V.  VA Rating

Lay also argues that the ALJ erroneously rejected the VA disability rating. The ALJ must ordinarily give great weight to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Although a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision. Failure to mention a VA finding is error. *Id.* at 1076.

The VA found Lay to be partially disabled, finding his migraines to be 50% disabling; his left knee infrapatellar tendonitis at 10% disabling; and laceration and numbness of his left ring and middle fingers as 10% disabling. Tr. 267-68. The VA also limited Lay to sedentary work. Tr. 275.

The ALJ considered the VA opinion in her written decision but rejected it because it was not based on a comprehensive evaluation of the record, and because it was based in part on the medical opinions of Drs. Ansari and Roost. Tr. 28. For the reasons discussed above, the ALJ's rejection of Dr. Ansari's and Dr. Roost's opinion was unsupported by substantial evidence in the record. To the extent that the ALJ's rejection of the VA determination was based upon her erroneous rejection of the medical evidence, his determination is reversed.

15 – OPINION AND ORDER

## VI.    Remand

The decision whether to remand for further proceedings or for immediate payment of

benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.),

cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A

remand for an award of benefits is appropriate when no useful purpose would be served by

further administrative proceedings or when the record has been fully developed and the evidence

is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135,

1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The

court may not award benefits punitively and must conduct a "credit-as-true" analysis to

determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award

of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for

rejecting such evidence; (2) there are no outstanding issues that must be resolved before a

determination of disability can be made; and (3) it is clear from the record that the ALJ would be

required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true"

doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in

determining whether to enter an award of benefits upon reversing the Commissioner's decision.

*Connett v. Barnhart*, 340 F.3d 871 876 (9th Cir. 2003) (citing *Bunnell*, 947 F.2d at 348 (en

banc)). The reviewing court should decline to credit testimony when "outstanding issues"

remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the ALJ failed to provide legally sufficient reasons for rejecting the medical

opinions of Drs. Hansen, Nicoloff, Roost, and Ansari. Dr. Ansari opined that Lay would miss

two days of work per month, and Dr. Hansen stated that Lay needed to lie down to rest for two

16 – OPINION AND ORDER

hours during an 8-hour day due to pain and fatigue. Tr. 1165-66, 1395, 1397. At the administrative hearing, the VE testified that a person with Lay's limitations who needed to take unscheduled breaks and/or was absent from work 16 hours per month could not sustain substantial gainful employment. Tr. 70-71. Thus when the erroneously rejected evidence is credited as true, no outstanding issues remain before a disability determination can be made. On this record, it is clear that the ALJ would be required to find plaintiff disabled and therefore remand for immediate payment of benefits is appropriate.

## CONCLUSION

The ALJ's decision finding Lay not disabled is not supported by substantial evidence in the record and is therefore reversed and remanded for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this _____ day of July, 2016.

Honorable Owen M. Panner
United States District Judge