IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE LAY,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Civ. No. 3:15-cv-01089-PA

**OPINION & ORDER**

PANNER, Senior District Judge.

Plaintiff's counsel seeks an award of fees pursuant to 42 U.S.C. § 406(b) for his representation of Plaintiff Lawrence Lay in this Social Security appeal. The Commissioner makes no objection to the motion for attorney fees. For the reasons discussed below, I GRANT the requested fees. Plaintiff's counsel shall refund all previously awarded Equal Access to Justice ("EAJA") fees to Plaintiff.

## BACKGROUND

On June 17, 2015, Plaintiff filed his initial complaint seeking review of the final decision of the Commissioner. ECF No. 1. On July 25, 2016, I issued an Opinion and Order reversing the Commissioner's decision and remanding for immediate payment of benefits. ECF Nos. 27, 28. On November 4, 2016, I granted Plaintiff's stipulated application for $7,090.63 in EAJA attorney fees. ECF No. 32. Counsel acknowledges that he may not retain both the EAJA fees and the requested § 406(b) fees. Counsel states that once he is awarded § 406(b) fees, he will refund the EAJA fee amount to Plaintiff. The Commissioner does not object to this motion for attorney fees.

## LEGAL STANDARD

Under § 406(b), when a court has entered a judgment in favor of a social security claimant with legal representation, the court "may determine and allow as part of its judgment a reasonable fee for such representation[.]" 42 U.S.C. § 406(b). However, the fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" *Id.* The § 406(b) award is paid from the claimant's past due benefits and the attorney may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96, 806-07 (2002). Thus, the attorney may not keep both the EAJA and § 406(b) fees. *Id.* at 796. Where the court first approves EAJA fees and then a larger § 406(b) fee award, the court will generally subtract the amount of the EAJA fees from the total § 406(b) fee award or require that the smaller of the two fees be refunded to the claimant. *Id.*; *see also Norwood v. Colvin*, Case No. 3:14-cv-00520-SU, 2015 WL 5970397, at *1 (D. Or. Oct. 13, 2015).

Even when the Commissioner does not challenge the fee amount sought by an attorney, the court has an affirmative duty to assess the reasonableness of the requested fees.[1] *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). In making this assessment, courts should respect "the primacy of lawful attorney-client fee agreements," but may reduce those agreed-upon fees based on the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 793, 808. Courts should first examine the fee agreement to ensure it does not provide for fees in excess of twenty-five percent of past-due benefits. *Id.* at 800, 807-08. Even if the fee agreement does not exceed § 406(b)'s twenty-five percent cap, the attorney still bears the burden of showing that the fees yielded under the agreement are themselves reasonable. *Id.* at 807; *Crawford*, 586 F.3d at 1148.

---

[1] "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).

A court may properly reduce the amount of attorney fees based on factors which include: (1) substandard performance, (2) "the results the representation achieved," (3) excessive delay, and (4) "benefits that are not in proportion to the time spent on the case" by the attorney seeking the fees. *Crawford*, 586 F.3d at 1151. The Ninth Circuit has also noted the risk involved in a contingency representation may be an appropriate factor to consider in determining a § 406(b) award—in particular "the complexity and risk involved in the specific case." *Id.* at 1152-53.

Although the Supreme Court has instructed against using the lodestar method[2] to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1151 (emphasis in original); *Gisbrecht*, 535 U.S. at 808.

## DISCUSSION

Applying the standards set forth above to this case, I must first examine the attorney-client fee agreement to ensure that its terms do not provide for a fee in excess of the twenty-five percent authorized by statute. In this case, the fee agreement provides for the maximum § 406(b) fee of twenty-five percent of past-due benefits. Mot. Att'y Fees. Ex. 1. Counsel is not seeking an award in excess of the amount provided by the fee agreement. Mot. Att'y Fees. Ex. 2, at 3.

There is no evidence of substandard attorney performance. Counsel fully litigated this matter and achieved the best possible result for Plaintiff. Nor is there any indication of excessive delay. Counsel submitted documentation showing that he spent thirty-seven hours on this case and he is seeking a total award of $19,169.00. Mot. Att'y Fees. Ex. 3. This yields an hourly rate of approximately $518.08. This is not unreasonable or out of line with fees awarded by other courts in this district. *See, e.g., Ali v. Comm'r*, Civ. No. 3:10-cv-01232-CL, 2013 WL 3819867,

---

[2] The lodestar method of calculating reasonable legal fees involves determining the number of hours reasonably spent on the given case and multiplying the hours by a reasonable hourly rate. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 798-802 (2002) (providing a history of the lodestar method).

at *3 (D. Or. July 21, 2013) (approving an effective hourly rate of $1000); *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *3-4 (D. Or. Oct. 28, 2013) (finding that a *de facto* hourly rate of $1000 for an attorney is a "helpful guide" in assessing reasonable fee awards in Social Security cases). I therefore conclude that the fee sought is proportional and reasonable for the work performed and the benefits awarded.

## CONCLUSION

The Motion for Attorney Fees, ECF No. 33, is GRANTED and Plaintiff's counsel is awarded $19,169.00 pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel shall refund to Plaintiff the $7,090.63 in EAJA fees already awarded in this case.

It is so ORDERD and DATED this __13__ day of April, 2017.

OWEN M. PANNER
United States Senior District Judge